UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK, | No. 2:21-cv-2351 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S OFFICE AND THE STATE OF CALIFORNIA, | |
| Defendants. | |

Plaintiff Sheila Halousek is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about the threatened towing of plaintiff's vehicle.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

1

**I.        Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint alleges that on November 29, 2021, "Deputy Sheriff Oliver" issued plaintiff "a 72-hour Notice, Vehicle Check/Parking Warning," despite the fact that plaintiff "was occupying her vehicle[.]" (Compl. (ECF No. 1) at 8.) The notice advised that plaintiff "had 72 hours to move her vehicle or it would be towed and confiscated." (Id.) Plaintiff has attached to the complaint a copy of the notice which indicates that plaintiff's vehicle violated California Vehicle Code § 22651(o) by having an expired registration for more than 6 months. (Id. at 16.)

While it is clear from the complaint's allegations that plaintiff received a warning, it is not clear if plaintiff's vehicle was ultimately removed. Nonetheless, plaintiff is advised that the Fourth Amendment allows for the impoundment of a vehicle "under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." Miranda v. City of Cornelius, 429 F.3d 858, 865 (9th Cir.2005). "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." South Dakota v. Opperman, 428 U.S. 364, 369 (1976); see also Ramirez v. City of Buena Park, 560 F.3d 1012, 1025 (9th Cir. 2009) ("[t]he community

////

caretaking doctrine . . . allows police officers to impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic.").

Moreover, the complaint names as defendants only the State of California and the Sacramento County Sherriff's Office. (Compl. (ECF No. 1) at 2.) However, there are no allegations concerning the actions of either defendant. As to the Sacramento County Sherriff's Office plaintiff is advised that "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."[1] Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against the County of Sacramento, plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in

---

[1] A county itself—not an agency or department—is a proper defendant for a 42 U.S.C. § 1983 claim. See Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

**II.     Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

////

1 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the
2 court does not have to allow futile amendments).

3 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff
4 may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts
5 in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,
6 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.
7 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
8 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
9 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
10 1988)).

11 Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend
12 would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted
13 leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file
14 an amended complaint "the tenet that a court must accept as true all of the allegations contained
15 in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause
16 of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.
17 "While legal conclusions can provide the complaint's framework, they must be supported by
18 factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line
19 from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

20 Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
21 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
22 in itself without reference to prior pleadings.  The amended complaint will supersede the original
23 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
24 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
25 and identified in the body of the complaint, and each claim and the involvement of each
26 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
27 must also include concise but complete factual allegations describing the conduct and events
28 which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed December 20, 2021 (ECF No. 1) is dismissed with leave to amend.[2]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 15, 2022                             /s/ DEBORAH BARNES
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.